IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM WARREN WIELAND,                    Case No. 3:10-cv-00059-MA

                Petitioner,          OPINION AND ORDER

    v.

S. FRANK THOMPSON,

                Respondent.

MARSH, Judge

    Petitioner William Warren Wieland is an inmate at the Snake River Correctional Institution serving a life sentence for Aggravated Murder. On January 14, 2010, petitioner filed a habeas corpus proceeding pursuant to 28 U.S.C. § 2254, in which he alleges 209 grounds for relief. (#1.) On May 5, 2010, petitioner filed an Amended Petition for Writ of Habeas Corpus, again alleging 209 grounds for relief. (#11.) On March 20, 2012, the United States Supreme Court issued a decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012).

    In light of Martinez, on May 3, 2012, petitioner filed a Motion to file a Second Amended Petition for Writ of Habeas Corpus,

1 - OPINION AND ORDER

(#55) in which he seeks to amend his petition pursuant to Federal Rule of Civil Procedure (Rule) 15 to add the following ground for relief:

> <u>Ground 210</u>: Petitioner's Fifth, Sixth, and Fourteenth Amendments were violated when petitioner's trial and appellate counsel failed to effectively seek his right to present a defense by evidence that another suspect perpetrated the crime and that the state conducted a sloppy investigation. Moreover, petitioner's rights were violated when counsel failed to object to and assign error to the prosecutor's summation which ridiculed petitioner's inability to present that defense. (Second Amended Petition (#55-1), p. 9.)

Respondent contends that amendment should not be permitted because Ground 210 is time-barred, or alternatively, because Ground 210 procedurally defaulted and petitioner has not established cause under <u>Martinez</u>.  For the reasons that follow, petitioner's Motion to File a Second Amended Complaint is denied.

## BACKGROUND

### I.   Facts

Because the parties are familiar with the lengthy facts of this case, I note only a few facts as necessary for resolution of issues at hand.  Petitioner was convicted of aggravated murder of Katherine Kimbrel, his mother-in-law, in 1995.  The murder occurred in 1986, shortly after a series of fires on petitioner's property where Kimbrel lived in a home adjacent to petitioner's.  At trial, the prosecution also admitted evidence of fires occurring in 1991 in Duvall, Washington, on property where petitioner was then

residing.  At trial, the prosecution argued that petitioner killed
Kimbrel in order to conceal his identity as an arsonist.  Garth
Webber lived near petitioner and Kimbrel at the time of the murder.

## II.  **Martinez v. Ryan**

Generally speaking, where a state prisoner has defaulted his
federal claims in state court pursuant to an independent and
adequate state procedural rule, federal habeas relief is barred
unless the prisoner can demonstrate "cause" and "prejudice," or
that a fundamental miscarriage of justice will occur if his claims
are not considered.  Coleman v. Thomson, 501 U.S. 722, 750 (1991);
Sexton v. Cozner, 679 F.3d 1150, 1158 (9th Cir. 2012); Schneider v.
McDaniel, 674 F.3d 1144, 1152 (9th Cir. 2012), cert. filed (Sept.
11, 2012).  Courts "have cited Coleman for the proposition that an
attorney's negligence in a post-conviction proceeding did not
establish 'cause' and therefore the negligence was insufficient to
excuse procedural default."  Sexton, 679 F.3d at 1158.

However, in Martinez, the Supreme Court recognized a limited
exception to Coleman:

> Where under state law, claims of ineffective assistance
> of trial counsel must be raised in an initial-review
> collateral proceeding, a procedural default will not bar
> a federal habeas court from hearing a substantial claim
> of ineffective assistance at trial if, in the initial
> review collateral proceeding, there was no counsel or
> counsel in that proceeding was ineffective.  Martinez,
> 132 S. Ct. at 1320.

Thus, under _Martinez_, a federal habeas petitioner may establish "cause" to excuse a procedural default if: (1) PCR counsel was ineffective under _Strickland v. Washington_ for failing to raise a claim of ineffective assistance of trial counsel claim; and (2) "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." _Martinez_, 132 S.Ct. at 1318; _Cook v. Ryan_, 688 F.3d 598, 607 (9th Cir. 2012), _cert. denied_, ___ S. Ct. ___, 81 USLW 3069 (Aug. 8, 2012).[1]

## DISCUSSION

### I.    Timeliness and Rule 15.

#### A.    Standards

After a responsive pleading has been filed, a petitioner may amend his pleading only with consent of the opposing party, or leave of the court.    Fed.R.Civ.P. 15(a)(1).    The propriety of a motion to amend is generally determined based on four factors: undue delay, bad faith, prejudice to the opponent, and futility of amendment. _Griggs v. Pace Am. Group, Inc._ 170 F.3d 877, 880 (9th Cir. 1999).    "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would

---

[1]The exception created by _Martinez_ applies in Oregon because petitioners are required to raise their ineffective assistance of trial counsel claims in post-conviction proceedings by asserting them in their petitions for post-conviction relief (PCR). _Sexton v. Cozner_, 679 F.3d 1150, 1159 (9th Cir. 2012); O.R.S. § 138.550.

constitute a valid and sufficient claim or defense." <u>Sweaney v.
Ada County, Idaho</u>, 119 F.3d 1385, 1393 (9th Cir. 1997); <u>Miller v.
Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

The AEDPA provides for a one year statute of limitations. 28
U.S.C. § 2244(d)(1). Habeas corpus petitions "may be amended ...
as provided in the rules of procedure applicable to civil actions."
28 U.S.C. § 2242. Under Rule 15(c), an amendment to a pleading
relates back to the date of the original pleading when the claim
asserted in the amended pleading "arose out of the conduct,
transaction, or occurrence set forth ... in the original pleading."
Fed.R.Civ.P. 15(c)(1); <u>Mayle v. Felix</u>, 545 U.S. 644, 655-57 (2005).

In <u>Mayle</u>, the Supreme Court held that habeas claims in an
amended petition do not arise out of the same conduct, transaction
or occurrence as claims in the original petition merely because the
claims all challenge the same trial, conviction, or sentence. 545
U.S. at 655-64. Under <u>Mayle</u>, Rule 15(c)(2) permits relation back
of habeas claims asserted in an amended petition "only when the
claims added by amendment arise from the same core facts as the
timely filed claims, and not when the new claims depend upon events
separate in 'both time and type' from the originally raised
episodes." <u>Mayle</u>, 545 U.S. at 657. The court must find a "'common
core of operative facts' uniting the original and newly asserted
claims". <u>Schneider</u>, 674 F.3d at 1150 (quoting <u>Mayle</u>, 545 U.S. at
655.) New allegations of ineffective assistance of counsel do not

automatically relate back to a timely claim of ineffective assistance; they must depend on the existence of a common core of operative facts.  Id. at 1152; See Hebner v. McGrath, 543 F.3d 1133, 1139 (9th Cir. 2008), cert. denied, 129 S. Ct. 2791 (2009).

**B.    Analysis – Ground 210 Does Not Relate Back**

The parties do not dispute that petitioner's original federal habeas petition and his first amended petition were timely filed. However, respondent contends, and petitioner seemingly concedes, that Proposed Ground 210 is untimely because it has been raised nearly two years after his first amended petition, and is well beyond the limitations period in 28 U.S.C. § 2244(d)(1).  Thus, petitioner's claims alleged in Ground 210 will be timely only if they relate back to his earlier amended petition.  Respondent submits that Ground 210 does not relate back because those claims do not arise out of the same common core of facts previously alleged.

Ground 210 contains multiple claims:  (a) trial counsel was ineffective for failing to raise a defense that a third party committed the 1986 arson or that the state conducted a "sloppy investigation;" (b) trial counsel was ineffective for failing to object to the prosecutor's summation which "ridiculed" petitioner for being unable to present a third party culpability defense; and (c) appellate counsel was ineffective for failing to assign error to these issues.

Petitioner argues that the new claims relate to evidence that Garth Webber, a third party, could have set the fires, including the 1986 dining room fire. A review of the record shows that trial counsel moved *in limine* to present evidence that Webber had the opportunity to commit the crimes, had a history of setting a fire, had a dangerous mental health condition, and trial counsel argued that the state's investigation was sloppy. Tr. 1996-98, 2051-52, 2084-94. The trial court denied admission of most of this evidence. Tr. 2097-98, 2101.

Petitioner contends that his new claims in Ground 210 relate back to the conduct, transactions, and occurrences alleged in Grounds for Relief 1, 7, 11, 14, 43, 44, 59, 83, 202, and 203 contained in his existing amended petition.[2] I summarize these claims below:

> Ground 1:  Petitioner is actually innocent, and no reasonable juror would convict him if they heard all available evidence. His conviction violates the Fifth, Eighth and Fourteenth Amendments;

> Ground 7:  Petitioner received ineffective assistance of trial and appellate counsel when counsel failed to argue that evidence of the 1991 fires was inadmissible, his six-year pre-indictment delay violated his rights;

---

[2]In the reply, petitioner quotes grounds for relief asserted in Appendix A, and identifies them as numbers 4, 7, 36, 37, 52, 76, 195, and 196 from the Amended Petition. However, the grounds for relief identified by petitioner do not match those contained in Appendix A to the Amended Petition. For consistency and clarity, in the summary, I have used the numbers from the Amended Petition which correspond to those portions identified by petitioner.

Ground 11:  Trial counsel was ineffective when he failed to object to inadmissible testimony;

Ground 14:  Trial counsel was ineffective when he failed to object to evidence regarding the 1986 house fire that was not relevant;

Ground 43:  Trial counsel was ineffective when he failed to object to the prosecutor's argument that the 1986 dining room fire was set with matches and that petitioner was the only one to use matches;

Ground 44:  Trial counsel was ineffective when he failed to object to the prosecutor's assertion that petitioner set the 1986 dining room fire;

Ground 59:  Trial counsel was ineffective when he failed to object to the prosecutor's inflammatory statements in closing;

Ground 83:  Trial counsel was ineffective when he failed to object to the prosecutor's contradictory statements that someone broke the dining room window to set the fire, and that the heat from the fire blew out the dining room window;

Ground 202:  Trial counsel was ineffective when he failed to object to evidence concerning the 1986 drawer fire;

Ground 203:  Trial counsel was ineffective when he failed to move to strike evidence regarding the 1986 dining room fire because it was not relevant and improperly characterized by the prosecutor.  (Amended Petition #11.)

It is clear that petitioner's proposed new claims in Ground 210 do not share a common core of facts with Ground 1.  In Ground 1 of the amended petition, petitioner contends that he is actually innocent and that his due process rights and the prohibition against cruel and unusual punishment were violated by his conviction.  Petitioner's original theory is based on due process, while his new theory in Ground 210 is premised on trial counsel's

errors.    And,   aside   from   petitioner's   intimation   that   he   is

actually   innocent   because   Webber   may   be   the   guilty   party,

petitioner fails to explain what common core of facts in Ground 210

relate  to  those  in  Ground  1  of  his  amended  petition  as  required

under Mayle.   See Hebner, 543 F.3d at 1139.

Ground 7 also does not share a common core of operative facts

with Ground 210.   In Ground 7, petitioner argues that trial counsel

failed to challenge the admissibility of evidence concerning fires

in Duvall, Washington in 1991, and that trial counsel failed to

challenge  the  six-year  delay  of  his  indictment.    The  1991  fires

relate  to  a  wholly  different  time  and  place  than  the  facts

underlying  the  claims  in  Ground  210.    Indeed,  Petitioner  has  set

forth  no  common  core  of  facts  linking  trial  counsel's  alleged

failure to pursue a defense concerning Webber and the 1986 fires

with trial counsel's alleged failure to challenge the admissibility

the  1991  fires.    Additionally,  the  court  can  glean  no  common  core

of facts linking trial counsel's alleged failure to challenge the

pre-indictment   delay   with   the   facts   underlying   Ground   210.

Clearly, Ground 210 does not relate back to Ground 7.

Likewise,  petitioner's  existing  Ground  11  complains  that

trial counsel was ineffective when he failed to object to the trial

court's  ruling  on  the  admissibility  of  evidence.    While  Ground  210

alleges  trial  counsel  was  ineffective  because  counsel  did  not  do

more to challenge the court's evidentiary ruling concerning a third

party culpability defense or alleged sloppy investigation, petitioner does not explain what specific core of facts Ground 210 shares with Ground 11. I reject petitioner's argument that he is simply clarifying a more specific sub-set of ineffective assistance of counsel theories. To be sure, petitioner raises a host of evidentiary challenges in his 28 pages of single-spaced allegations in Appendix A, but not one concerns the exclusion of evidence concerning Webber. Therefore, because Ground 210 does not share any facts with Ground 11, it does not relate back to that claim. See Schneider, 674 F.3d at 1151-52 (finding new theory of ineffective assistance did not share any facts with existing claims, thus new claim did not relate back).

Ground 210 also does not relate back to petitioner's existing Grounds 14, 202, and 203. In Ground 14, petitioner claims that trial counsel was ineffective when he failed to object to the admission of evidence regarding the 1986 house fire on the basis of relevancy. In Grounds 202 and 203, petitioner alleges trial counsel should have moved to strike evidence relating to the 1986 drawer and dining room fires on relevancy grounds. In his new claim, petitioner contends it was error for the trial court to exclude evidence that Webber could have set the fires, and that counsel should have done more to pursue that defense. Although petitioner's new claim relates to the 1986 fires, this one fact is not a "common core" of facts. Petitioner's original theory in

Grounds 14, 202 and 203 is based on the relevancy of the fires; petitioner's new theory is that someone else was responsible for the fires.  The core facts underlying petitioner's new claims new claims are different in type from the core facts relating Grounds 14, 202 and 203, and thus, do not relate back.  See Schneider, 674 F.3d at 1151.

In Grounds 43 and 44, petitioner alleges trial counsel failed to object to the prosecutor's argument that he was the only one who used matches, that the 1986 dining room fire was set with matches, and that petitioner set the 1986 dining room fire.  Petitioner's existing theories focus on the prosecutor arguing that petitioner set the fires based on circumstantial evidence.  In contrast, petitioner's new theory alleges that the prosecutor "ridiculed" him for being unable to show that someone else, namely Webber, committed the crimes.  I conclude that petitioner has not shown a common core of facts connecting Ground 210 with Grounds 43 and 44, and thus Ground 210 does not relate back.

In Ground 83, petitioner contends that trial counsel should have objected to the prosecutor's contradictory statements that someone broke a window on the day of the 1986 dining room fire, and that the window was broken by the heat from the fire.  Ground 83 clearly shares no common core of operative facts with Ground 210. Mayle, 545 U.S. at 650.

Lastly, in Ground 59, petitioner asserts that trial counsel should have objected to prosecutorial misconduct when the prosecutor made inflammatory statements in closing. As with petitioner's myriad evidentiary arguments, petitioner has asserted numerous grounds of ineffective assistance of counsel premised on counsel's failure to object to prosecutorial misconduct and closing statements. Notably, not one of petitioner's original theories is premised on the prosecutor's purported ridiculing him for failing to find a culpable third party, or mentions Webber or the alleged sloppy investigation of Webber. Again, I reject petitioner's argument that he is simply adding additional detail to his existing claims. Given the specificity of petitioner's original 209 grounds for relief, and the complete absence of any allegation relating to Webber, it is difficult to conclude that petitioner is simply adding additional details, as opposed to a new theory. Therefore, I conclude that Ground 59 does not share a common core of operative facts with the alleged ineffective assistance of counsel claim alleged in Ground 210. Schneider, 674 F.3d at 1151-52.

I also reject petitioner's suggestion that because his amended petition purported to reserve his right to make further amendments that Ground 210 should be permitted. Petitioner's position would eviscerate the AEDPA's one-year statute of limitations and stand Mayle on its head. See Schneider, 674 F.3d at 1151.

In sum, because none of the grounds identified by petitioner in his existing amended petition shares a common core of operative facts with Ground 210, Ground 210 does not relate back, and is time-barred.

## II.   **Equitable Tolling**

Alternatively, petitioner submits that this court should apply equitable tolling in order to permit petitioner to add Ground 210. In order to equitably toll the one-year AEDPA statute of limitations, petitioner must show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing.  Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).  The diligence standard required is "reasonable diligence," not "maximum feasible diligence."  Holland, 130 S.Ct. at 2565.  The threshold for necessary for applying equitable tolling "is very high, lest the exceptions swallow the rule."  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009), cert. denied, 130 S. Ct. 244 (2009).

Petitioner contends that he is entitled to equitable tolling because prior to the Supreme Court's ruling in Martinez, his untimely claims were procedurally defaulted.  Petitioner submits that because he relied upon precedent that was overturned by Martinez, equitable tolling should be applied to permit him to raise his otherwise untimely claim, relying on Harris v. Carter, 515 F.3d 1051 (9th Cir.), cert. denied, 555 U.S. 967 (2008).

Petitioner's reliance on Harris is unavailing.  In Harris, the petitioner's federal habeas petition would have been timely under existing circuit precedent, but that precedent was overruled by the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005).  The Harris court determined that the petitioner made a "tactical decision to delay filing" his federal habeas petition based on then-existing precedent.  Harris, 515 F.3d at 1055.  The Harris court reasoned that as soon as the Supreme Court issued Pace, the petitioner's petition became time-barred, a fact over which the petitioner had no control.  Id. at 1056.  Because the petitioner had been diligently pursuing his rights, and the Supreme Court overruled controlling precedent concerning the statute of limitations, the Harris court concluded that equitable tolling applied.  Id. at 1056-57; accord Nedds v. Calderon, 678 F.3d 777, 781 (9th Cir. 2012)(petitioner filed federal habeas petition relying on Ninth Circuit precedent which was later overturned; equitable tolling may apply).

Unlike the Supreme Court's issuance of Pace at issue in Harris, the Martinez decision did not render Ground 210 untimely. Prior to Martinez, petitioner had every reason to believe that the claims in Ground 210 were procedurally defaulted, and that under the AEDPA he had one year to bring those claims.  And, prior to Martinez, petitioner was free to assert the claims in Ground 210,

and attempt to establish cause and prejudice to overcome his default or attempt to establish actual innocence.

Following _Martinez_, certain claims of ineffective assistance of counsel at _post-conviction_ may be used to establish _cause_ to overcome a procedural default. See _Lopez v. Ryan_, 678 F.3d 1131, 1133 (9th Cir.), <u>cert. denied</u>, ___ S. Ct. ___, 80 USLW 3714 (June 26, 2012). Unlike the claims in _Harris_, nothing in _Martinez_ impacted the timeliness of petitioner's claims in Ground 210. Thus, unlike _Harris_, _Martinez_ was not the operative fact that caused Ground 210 to be untimely.

Petitioner has cited no cases applying _Martinez_ to provide for equitable tolling of the statute of limitations. My research reveals that courts considering the issue have rejected extending _Martinez_ in the manner advocated by petitioner. See, e.g, _Kirksey v. Baker_, 2012 WL 2838653, *2-3 (D. Nev. July 9, 2012)(finding _Martinez_ did not provide grounds for equitable tolling); _Yow v. Thaler_, 2012 WL 2795850, *2 (N.D. Tex. June 20, 2012), <u>adopted</u>, 2012 WL 2829456 (July 9, 2012)("the _Martinez_ case is inapplicable to Petitioner's statute of limitation issues").

Thus, I decline to apply _Martinez_ to equitably toll the statute of limitations in this instance. See _Lopez_, 678 F.3d at 1137 (declining to reopen a judgment, finding that _Martinez_ did not constitute extraordinary circumstances under Rule 60(b)); _Vogt v. Coleman_, 2012 WL 2930871, *4 (W.D. Pa. July 18, 2012)(same).

15 - OPINION AND ORDER

III. **Martinez v. Ryan**

Respondent submits that even if petitioner could establish that his claims in Ground 210 relate back or that equitable tolling should apply, such claims would fail. Petitioner concedes that the claims raised in Ground 210 are procedurally defaulted, but argues that his default should be excused under Martinez. Respondent contends that petitioner cannot establish "cause" under Martinez, and therefore amendment of the petition would be futile. Respondent is correct.

A.   **Standards**

Under Martinez, petitioner may establish "cause" to excuse his procedural default if: (1) PCR counsel was ineffective under *Strickland* for failing to raise a claim of ineffective assistance of trial counsel claim; and (2) that the underlying ineffective assistance claim is a substantial one. Martinez, 132 S.Ct. at 1318; Cook, 688 F.3d at 607.

Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Bell v. Cone, 535 U.S. 685, 698-99 (2002); Williams v. Taylor, 529 U.S. 362, 390 (2000). Failure to make the required showing on either prong defeats the ineffectiveness claim.

**B.   Analysis**

Petitioner contends that PCR counsel rendered unreasonably deficient performance when he failed to assert the claims he now raises in Ground 210.   If trial counsel was not ineffective, petitioner will be unable to show that PCR counsel was ineffective. Sexton, 679 F.3d at 1159.   I therefore address petitioner's underlying trial counsel claims first.

### 1.   third party defense or sloppy investigation

Petitioner argues that trial counsel, Mr. Chris Dunfield, was ineffective when he failed to present a third party culpability defense, or sloppy investigation defense which may have established that Webber may have set the fires, murdered Kimbrel, or both.

A review of the record shows that during the trial, Dunfield attempted to present some circumstantial evidence about Webber. That evidence included the following: a police report showing Garth Webber had been arrested six months prior to the death of Kimbrel and while in jail, Webber set a fire in his cell; Webber's doctor said Webber might be a threat to others; Webber lived next door to Kimbrel; Webber's schedule would have permitted an opportunity to set the fires or commit the murder; Webber did not have a solid alibi for the time of Kimbrel's murder; Webber refused to speak with police without an attorney and refused a polygraph; tracks near the murder scene went in the direction of the Webber

residence; and notes and/or a report from the interview with Webber were destroyed. Tr. 1996-98; 2051-52.

The trial court held a hearing outside the presence of the jury, at which time the court heard arguments from counsel concerning the admissibility of the evidence. After hearing several arguments, the trial court ruled that most of the evidence was inadmissible under the Oregon Evidence Code, notably the police report. Tr. 2097-98. The following morning, Dunfield made an offer of proof, including calling police officers to testify about their investigation into Webber as a suspect in Kimbrel's death. Tr. 2033-41; 2075-79. Dunfield then again comprehensively argued that under both state and federal law petitioner should be permitted to present the evidence concerning Webber in an effort to establish reasonable doubt that petitioner is guilty party. Tr. 2088-94. The trial court then confirmed its rulings, including that the police report about Webber's arrest and fire were inadmissible. Tr. 2101.

According to petitioner, Dunfield rendered ineffective assistance when he failed to make a federal constitutional argument under Chambers v. Mississippi initially, as opposed to the following morning when making the offer of proof. Petitioner's argument misses the mark.

The Supreme Court has recognized a defendant's right to present a defense under the Due Process Clause. Chambers v.

18 - OPINION AND ORDER

<u>Mississippi</u>, 410 U.S. 284, 294 (1973); <u>Moses v. Payne</u>, 555 F.3d 742, 757 (9th Cir. 2009).  However, it is well established that the right to present a defense is subject to reasonable restrictions, such as evidentiary and procedural rules.  <u>Moses</u>, 555 F.3d at 757.

In this case, petitioner has failed to establish that Dunfield's performance fell below an objective standard of reasonableness.  As the record amply demonstrates, Dunfield attempted to get the evidence admitted and made an adequate record for appellate review.  I am not persuaded by petitioner's contention that Dunfield should have raised an argument under <u>Chambers</u> earlier because petitioner has not demonstrated that doing so would have swayed the judge to admit the evidence.  Accordingly, petitioner has failed to establish that Dunfield's performance fell below an objective standard of reasonableness, or that the outcome would have been different.  <u>Strickland</u>, 466 U.S. at 694 (petitioner must show that but for counsel's unprofessional errors, the outcome would have been different).

### 2.  prosecutor's closing statements

Next, petitioner claims that trial counsel was ineffective when he failed to object to the prosecutor's statements in closing which allegedly "ridiculed" petitioner for being unable to identify another suspect.

To obtain habeas relief based on trial counsel's ineffectiveness in failing to object to a prosecutor's actions,

petitioner must show that the prosecutor committed misconduct and that counsel's failure to object to that misconduct violated the standards of Strickland.  Evaluating allegations of prosecutorial misconduct in a habeas case, the relevant question is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.  Darden v. Wainwright, 477 U.S. 168, 181 (1986); Tak Sun Tan v. Runnels, 413 F.3d 1101, 1115 (9th Cir. 2005), cert. denied, 546 U.S. 1110 (2006); Davis v. Woodford, 384 F.3d 628, 644 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005).

Petitioner argues that counsel should have objected to the following statement:

> We would submit to you, ladies and gentlemen [the defense's case against Lanny] is not reasonable doubt. But this is the best reasonable doubt that the defense is able to inject into this case, after hearing all of the evidence about the identity of the person who committed the murder of Katherine Kimbrel.

Examining the prosecutor's closing argument, defense counsel's closing argument, and the prosecutor's rebuttal, petitioner has failed to demonstrate that the prosecutor's remarks were objectionable.  The prosecutor appears to be responding to arguments made by defense counsel that other suspects, such as Lanny Kimbrel and Garth Webber created reasonable doubt, and that petitioner should not be convicted.  Read in context, the prosecutor's statement is not particularly inflammatory.  Thus, counsel's failure to object cannot be said to have fallen below an

20 - OPINION AND ORDER

objective standard of reasonableness, nor has petitioner demonstrated that but for trial counsel's failure to object, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Because petitioner cannot demonstrate that his claims in Ground 210 are substantial, he is unable to show that PCR counsel's conduct fell below the *Strickland* standard. Martinez, 132 S.Ct. 1318; Sexton, 679 F.3d at 1159; Cook, 688 F.3d at 610. Thus, petitioner has not established cause under Martinez to excuse his procedurally defaulted claims in Ground 210.

In summary, petitioner's claims contained in Ground 210 are untimely, and equitable tolling does not apply. Moreover, petitioner's claims in Ground 210 are procedurally defaulted. Even if this court were to consider petitioner's claims under Martinez, petitioner is unable to establish that his claims are meritorious and that his PCR counsel rendered ineffective assistance. Therefore, petitioner has not demonstrated cause to excuse his procedural default. Thus, amendment of petitioner's petition to add the claims asserted in Ground 210 would be futile. Accordingly, petitioner's motion to amend pursuant to Rule 15 is denied. Petitioner's request for supplemental briefing to address the merits of the claims asserted in Ground 210 is denied as moot.

////

////

21 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, petitioner's Motion for Leave to File a Second Amended Petition for Writ of Habeas Corpus (#55) is DENIED.

IT IS SO ORDERED.

DATED this _17_ day of OCTOBER, 2012.

Malcolm F. Marsh
United States District Judge